IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16−cv−0373−MJR−SCW |
| | ) |
| JONAS J. DELAGRANGE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan, pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a)** for a Report and Recommendation on a Show Cause Order directed to Respondent to show cause as to why he should not be compelled to obey the IRS summons issued upon on him on September 23, 2015. It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DIRECT** that Respondent comply with the IRS's summons.

### II.   Findings of Fact

This matter stems from a summons that was issued by Revenue Officer Elaine Olds on September 23, 2015. (Doc. 1-2, p. 1). Revenue Officer Olds issued an IRS summons on Respondent Jonas J. Delagrange to appear on October 16, 2015 to give testimony and bring for examination information related to the collection of the tax liability for the tax periods ending December 31, 2002, December 31, 2003, December 31, 2004, December 31, 2007, December 31, 2009, December 31, 2010, and December 31, 2011. (Doc. 1-2, p. 3). On October 16, 2007,

Respondent appeared but refused to comply with the summons. (Doc. 1-1, p. 2). One April 4, 2016, the United States of America then filed in this Court a Petition to Enforce Internal Revenue Summons. (Doc. 1). Respondent was then ordered to show cause why he should not be compelled to comply with IRS summons, (Doc. 3), and the matter was set for hearing on May 26, 2016. (Doc. 3).

Respondent filed what has been construed as a Response to the Petition. (Doc. 5). Plaintiff's "Response" is a copy of the Show Cause order and the original Petition. (Doc. 5). On both documents, Plaintiff has written "I do not consent to this offer of contract. I do not consent to these proceedings. Any presumed, assumed, or implied consent is withdrawn nunc pro tunc ad initio without prejudice." (Doc. 5). Plaintiff did not appear for the May 26, 2016 hearing. The Government appeared and chose to rest on its pleadings. The Court therefore took the matter under advisement with this Report and Recommendation to issue.

### III.   Conclusions of Law

A. **Legal Standard**

Petitioner's Complaint seeks to enforce a summons issued by the IRS to Jonas Delagrange. "Congress has established a statutory structure that endows the IRS with extensive authority to conduct effective tax investigations." **United States v. Crum, 288 F.3d 322, 333 (7th Cir. 2002).** Under **28 U.S.C. §§ 7402(b) and 7604(b)**, district courts have jurisdiction to enforce an administrative summons in an adversarial proceeding commenced by the filing of a petition. **Crum, 288 F.3d at 333-34 (citing Donaldson v. United States, 400 U.S. 517, 523-25 (1971))**.

In order to obtain enforcement of a summons, the Government must show that 1) the investigation being conducted has a legitimate purpose; 2) the information sought is relevant to that purpose; 3) the information is not already in the Government's possession; and 4) the administrative steps required by the Internal Revenue Code have been followed. **U.S. v. Powell, 379 U.S. 48, 57-**

58 (1964); *Miller v. U.S.*, 150 F.3d 770, 772 (7th Cir. 1998). "The *Powell* requirements imposed only a 'minimal burden' on the agency" and "can usually be satisfied by an affidavit stating that the government has met them." *U.S. v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999) (quoting *Miller*, 150 F.3d at 772). Once the government meets its prima facie burden, the respondent faces a "'heavy burden' to either present facts to disprove one of the *Powell* factors, or to show that the IRS issued the summons in bad faith." *Knox*, 187 F.3d at 759 (quoting *Miller*, 150 F.3d at 772). Summons enforcement proceedings are meant to be summary in nature, and whether to hold an evidentiary hearing is left to the discretion of the district court. *2121 Arlington Heights Corp. v. Internal Revenue Service*, 109 F.3d 1221, 1226 (7th Cir. 1997).

    B. Analysis

The Government has met its prima facie burden under *Powell*. The Government has submitted an affidavit from Revenue Office Olds demonstrating that the IRS has met all of the *Powell* requirements. (Doc. 2-1). An affidavit is typically all that is needed to satisfy the standard, *Knox*, 187 F.3d at 759, and even "minimal" affidavits will suffice. *Miller*, 150 F.3d at 772. Here, the Government's affidavit meets all of the *Powell* elements: Revenue Officer Olds states that 1) she is conducting an investigation into the collection of certain tax liabilities of Jonas J. Delagrange; (Doc. 1-1, p. 1) the summons was issued in furtherance of the investigation; (Doc. 1-1, p. 1) the requested information is not already in possession of the IRS; (Doc. 1-1, p. 2); and 4) all of the required steps for issuance of a summons have been taken. (Doc. 1-1, p. 2). Though some of these affirmations are largely conclusory in nature, such affirmations are sufficient in order for the Government to meet its "minimal burden" under *Powell*. **See *Knox*, 187 F.3d at 759 (stating that the Powell Requirements "can usually be satisfied by an affidavit stating that the government has met them.")**. Here, the Government's affidavit has established a prima facie case.

The undersigned found that Respondent received adequate notice of the hearing because he returned the Show Cause order setting the hearing to the Court with his comments written on it. (Doc. 5). Respondent's Response does nothing to rebut the Government's prima facie showing, and his argument that he can refuse to consent to the Court's jurisdiction is frivolous. As Respondent failed to appear at the hearing, he missed his final opportunity to present evidence. No evidence having been submitted, the Court finds that the Government has met its burden.

Accordingly, the Court believes that the Government has met its burden under **Powell** and that Defendant's Response to the enforcement is without merit. Thus the undersigned **RECOMMENDS** that the Court **FIND** that the Government has met its burden and **ORDER** the enforcement of the summons issued to Jonas J. Delagrange, requiring complete compliance with the summons and specifically directing the summoned party to obey the summons served upon him and order his attendance, testimony, and the production of the books, records, papers, and other data as required by the terms of the summons before Revenue Officer Olds or any other proper officer of the IRS at such time and place as may be directed by the Court.

### IV. Conclusion

For the reasons set forth above, it is hereby **RECOMMENDED** that the Court **FIND** that the government has met is burden and **ORDER** the enforcement of the summons issued to Jonas J. Delagrange. Objections to this Report and Recommendation must be filed on or before June 13, 2016.

**IT IS SO ORDERED**

**Date:** May 26, 2016 /s/ *Stephen C. Williams*
**Stephen C. Williams**
United States Magistrate Judge