IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  )  Petitioner,  )  )  vs.   )  )  JONAS J. DELAGRANGE,   )  )  Respondent.  ) | Case No. 16-cv-0373-MJR-SCW |

### ORDER

**REAGAN, Chief Judge:**

This case is before the Court after numerous attempts on behalf of the Internal Revenue Service ("IRS"), the United States of America ("the Government"), and a magistrate judge of this Court to secure the cooperation of Respondent Jonas J. Delagrange in certain IRS proceedings. Most recently, the Court became aware of the potential need for a stay in this matter in light of the Respondent's initiation of bankruptcy proceedings. The United States was directed to file a brief addressing a potential stay by December 8, 2016, and Respondent Delagrange was to file a response by December 22, 2016 (Dkt. entry 23). The United States complied by filing a timely brief seeking a stay (Doc. 27). In the interim, Delagrange filed a document styled as a 'counterclaim' on November 29, 2016, wherein he attempted to join many parties as defendants, and where he also attempted to attack foreclosure proceedings that were ongoing in state court (Doc. 24). This Court declined to take action on the foreclosure matter pursuant to principles of state and federal separation, and it deferred action on the tax related claims in light of the pending bankruptcy proceedings (Doc. 26). On December 22, 2016 (the

date his filing was due on the bankruptcy stay issue) Delagrange filed a 63-page document styled as a "writ of error response to U.S. Attorney's false claim, court orders in 'court not of record', motion to recuse U.S. Attorneys and Reagan for contempt of the constitution, federal question, proof of claim" (Doc. 28). This document and the issue of a stay to await the pending bankruptcy proceedings are now before the Court for a decision.

First, the Court will address the pleading Respondent Delagrange filed on December 22, 2016 (Doc. 28). Though Delagrange was due to file a document by that date addressing the propriety of a stay in light of his pending bankruptcy action (Dkt. entry 23), it is not clear that the contents of the document he filed actually pertain to that issue. The document is long and incredibly verbose. In the document, Delagrange again exhibits characteristics and sentiments consistent with a sovereign citizen or a tax-protester. He expresses a desire to join additional defendants, such as the undersigned, and the United States Attorney, Suzanne Garrison. It is not clear to the Court that he makes any genuine attempt to address the matter he was directed to brief—the propriety of a stay of the present matter to await the outcome of his bankruptcy proceedings. His failure to address the stay as directed and his inclusion of additional irrelevant matters suggest to the Court that he instead would like for this pleading to serve as a supplement to or amendment of his counter-claim (Doc. 24).

Local Rule for the Southern District of Illinois 7.1(g) and FEDERAL RULE OF CIVIL PROCEDURE 15 govern amendments or supplements to existing pleadings via motion practice. Both sources of authority clearly state that a party must seek leave from the Court to amend or supplement a motion or pleading. Respondent Delagrange failed to seek any such leave. Although in many situations *pro se* litigants are afforded leeway in their pleadings, the Court

cannot be so deferential in this situation where the Respondent's actions are flagrant attempts to prolong, obstruct, and frustrate the judicial process. Accordingly, the Court hereby **STRIKES** the Respondent's December 22, 2016 filing for non-compliance with Rule 7.1 and FEDERAL RULE 15.

As to the issue of a stay pending the outcome of bankruptcy litigation, the United States filed a timely brief indicating that a stay would be appropriate in this matter (Doc. 27 at 1-8). The United States based its recommendation that the case be stayed on a survey of precedent, noting that precedent paints an unclear picture of whether a stay is or is not appropriate. Though it appears that a stay is not necessary because the IRS in this action is simply seeking *information* about the Respondent's tax liabilities, as opposed to seeking *collection* of actual tax fees—the United States erred on the side of caution by recommending a stay. *See* **11 U.S.C. § 362(a) (listing eight exceptions to the general rule that a bankruptcy proceeding automatically stays any action to collect a debt against the bankruptcy petitioner); 11 U.S.C. § 362(b)(9) (noting that a bankruptcy proceeding does not act as a stay of an audit to determine tax liability or other similar information seeking actions)**. The Respondent's filings do not seem to request a stay, and if anything, the Respondent appears to be asking this Court to continue moving forward on this matter despite the bankruptcy proceedings. The Court finds this to be inappropriate. The Court will grant a stay of the above-captioned matter pending the outcome of the bankruptcy proceedings.

The United States also requested that the Court dismiss the counter-claim (Doc. 24) in its entirety (Doc. 27 at 8-11). Though the arguments in favor of dismissal are well-taken, the Court has already granted a stay over a portion of the counter-claim and it finds that no harm will

accrue to either party by maintaining the status quo with the stay until the bankruptcy proceeding comes to a conclusion. The Respondent should be forewarned that the continuation of the stay over the counter-claim does not guarantee that the Court will not dismiss that claim in the future for any number of reasons, including those raised by the United States.

In sum, the Court hereby **DIRECTS** the Clerk of Court to **STRIKE** the Respondent's unauthorized Supplement to the Counter-Claim (Doc. 28).

The Court hereby **STAYS** the above-captioned matter to await the conclusion of the Respondent's bankruptcy proceedings. The parties shall continue to update the Court as to the status of the bankruptcy proceeding every three months, or at any such date when those proceedings come to a close. Following this schedule, the first update will be due on **March 30, 2017**. An update shall be submitted via CM/ECF, and shall be no longer than 2 pages (unless permission is granted for a longer brief).

**IT IS SO ORDERED.**

DATED: December 30, 2016

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge